1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| ANTONIO IBARRA-LEMUS, | ) | CR F 99-5344 - 01 AWI |
| | ) | |
| Petitioner, | ) | ORDER DENYING |
| | ) | PETITIONER'S MOTION TO |
| v. | ) | CORRECT, VACATE OR SET |
| | ) | ASIDE SENTENCE |
| UNITED STATES OF AMERICA, | ) | PURSUANT TO 28 U.S.C., |
| | ) | SECTION 2255 |
| Respondent. | ) | |
| _____ | ) | (28 U.S.C. § 2255) |

11
12
13
14
15
16
17

## INTRODUCTION

In this case, petitioner Antonio Ibarra-Lemus ("Petitioner") seeks relief under 28 U.S.C. section 2255 from the sentence of 188 months that was imposed by this court on July 31, 2007, following Petitioner's conviction following jury trial on one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C., sections 846 and 841(a)(1) and one count of possession of methamphetamine with intent to distribute and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## FACTUAL AND PROCEDURAL HISTORY

On May 12, 2006, Petitioner was convicted following a jury trial on counts one and two of the indictment. He was found not guilty as to a third count for carrying a firearm during a drug trafficking offense. Petitioner moved for a new trial pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure on July 17, 2006. Of significance, an addendum to that motion (the

1   "Addendum") was submitted by defense counsel on July 11, 2007.  The government filed

2   opposition briefs to both the original motion for new trial and the Amendment.  The court denied

3   Petitioner's motion for new trial on July 31, 2007, and sentenced Petitioner to a term of

4   imprisonment of 188 months on both counts one and two; terms to be served concurrently.

5   Judgment was entered on August 3, 2007, and notice of appeal was filed on August 7, 2007.  The

6   Ninth Circuit Court of Appeal affirmed Petitioner's convictions on both counts on January 8,

7   2009.  The mandate issued on January 30, 2009. The instant motion to correct, vacate or set aside

8   the sentence pursuant to 28 U.S.C. § 2255 (hereinafter, Petitioner's "2255 Motion") was timely

9   filed on January 8, 2010.

10          The motion for new trial, the appeal and Petitioner's instant 2255 Motion all involve

11   similar factual and legal arguments.  In particular, Petitioner argues in his 2255 Motion that his

12   convictions on both the conspiracy and the possession for sale charges were based primarily on

13   the testimony of the government's confidential informant ("CI"), a person who allegedly made a

14   very substantial amount of money selling information concerning drug dealing to law

15   enforcement and who was dishonest and unreliable.  Petitioner has consistently maintained that

16   he was unaware of any drug dealing and did not know that contraband had been placed in the

17   back of his pickup truck without his knowledge before he drove the pickup to the pre-arranged

18   spot where the sale was to be made to the CI.  It is undisputed that Petitioner was the owner of a

19   green pickup truck and that he drove the truck to the prearranged spot where the drug sale was to

20   take place and that the CI came to the driver's side of the truck to talk to Petitioner.  It is also

21   undisputed that co-defendant Hector Medina Gonzalez was the only passenger in the truck when

22   they arrived at the transaction destination.  What is a matter of some contention is whether

23   Gonzalez exited the truck and was a part of the conversation between Petitioner and the CI.

24          Petitioner alleges that he was prevented from producing as a witness at trial a co-

25   defendant, Luis Lira-Ibarra ("Lira-Ibarra") who, had he testified on Petitioner's behalf, would

26   have given testimony to the effect that Petitioner was unaware of the presence of

27

28                                                              2

methamphetamine in the back of his truck.  Petitioner contends that, had Lira-Ibarra's testimony

been before the jury, a verdict of not guilty on both counts would likely have resulted.  Petitioner

alleges that Lira-Ibarra was prevented from testifying upon the advice of his attorney and was

therefore unavailable for Petitioner's trial.  Lira-Ibarra was convicted by plea of guilty to a single

count of use of a communications device to further an illegal drug transaction on March 24,

2003, and was sentenced to a term of 48 months custody.  Petitioner alleges that Petitioner's

attorney was unable to procure Lira-Ibarra's testimony at any time prior to or during his trial and

was only able to contact Lira-Ibarra in Mexico after Lira-Ibarra was released from custody.

Petitioner's allegation is substantiated by the Declaration of Anthony P. Capozzi, Petitioner's

attorney during his trial, who states that Mr. Capozzi "attempted to contact Jose Lira Ibarra on

numerous, occasions, but was unable to do so through Mr. Jose Lira Ibarra's attorney and

through the Defendant's family."  Doc. # 272-1 at ¶ 3.

Following Petitioner's trial and conviction, Petitioner's attorney was able to locate Lira-

Ibarra in Mexico and was able to obtain a statement from Lira-Ibarra in the form of a videotaped

interview conducted in Mexico .  The transcript of the videotaped interview (hereinafter, the

"Interview") is dated April 21, 2007, and was filed with this court on July 11, 2007, in

conjunction with the Addendum to Petitioner's motion for a new trial.  Following the denial of

Petitioner's motion for a new trial, the Interview was also one of the issues presented in

Petitioner's appeal.

**LEGAL STANDARD**

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court

established by Act of Congress claiming the right to be released upon the ground that the

sentence was imposed in violation of the Constitution or laws of the United States ... may move

the court which imposed the sentence to vacate, set aside or correct the sentence."  Under section

2255, "a district court must grant a hearing to determine the validity of a petition brought under

that section, '[u]nless the motions and the files and records of the case conclusively show that the

1    prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994)

2    (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed

3    against the record, fail to state a claim for relief or "are so palpably incredible or patently

4    frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159

5    (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn

6    the right to a hearing, therefore, the movant must make specific factual allegations which, if true,

7    would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are

8    insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980),

9    cert. denied, 451 U.S. 938 (1981).

10         To establish a constitutional violation for the ineffective assistance of counsel, a

11   defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him.

12   United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993).  To prove a deficient

13   performance of counsel, Petitioner must demonstrate that his attorney "made errors that a

14   reasonably competent attorney acting as a diligent and conscientious advocate would not have

15   made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner

16   must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional

17   errors, the result of the proceeding would have been different." Strickland v. Washington, 466

18   U.S. 668, 694 (1984).  A court addressing a claim of ineffective assistance of counsel need not

19   address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one

20   prong.  Id. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of

21   sufficient prejudice, which we expect will often be so, that course should be followed."  Id.

22                                   **DISCUSSION**

23         Petitioner's 2255 Motion alleges a single ground for relief: that Petitioner suffered

24   ineffective assistance of counsel when his attorney failed to conduct adequate pre-trial

25   investigation when he failed to locate Lira Ibarra and co-defendant Hector Medina Gonzalez

26   *prior to* trial and either produce them as witness or procure depositions from them.

27

28                                        4

1    Petitioner's claim of ineffective assistance of counsel stemming from the failure of his

2    attorney to procure the testimony of Hector Medina Gonzalez ("Gonzales") fails because neither

3    deficient performance nor prejudice are shown.  There is no indication that Petitioner's attorney

4    did not consider seeking Gonzalez's testimony and decide for strategic reasons that Gonzalez's

5    testimony would not likely benefit Petitioner's cause.  Assuming that Gonzales would have been

6    available and willing to testify, an assumption not supported by any facts alleged by Petitioner,

7    there is no indication that Gonzalez would have given exculpatory testimony.  Given the facts

8    presented by Petitioner and taking those facts in the light most favorable to him, any inference

9    that Gonzalez would have testified at trial that Petitioner was unaware of the presence of

10   methamphetamine in the back of Petitioner's truck is nothing more than rank conjecture.

11   Petitioner has the burden to affirmatively demonstrate both prongs of the <u>Strickland</u> test.

12   <u>Wong v. Belmontes</u>, 130 S.Ct. 383, 390 (2009) ("<u>Strickland</u> places the burden on the defendant,

13   not the State, to show a "reasonable probability" that the result would have been different").

14   Where the allegation is that certain testimony was not elicited, the court presumes counsel gave

15   consideration to the decision not to elicit the testimony and that the decision was within the wide

16   range of competent representation.   <u>Duncan v. Ornoski</u>, 528 F.3d 1222, 1234 (9th Cir.2008)

17   ("Under Strickland we must presume that counsel was competent").  It is Petitioner's burden to

18   demonstrate otherwise.  <u>Id</u>.  Petitioner has failed to make the required showing with regard to his

19   attorney's failure to produce testimony by Gonzalez.

20   Petitioner's claim for ineffective assistance of counsel arising from the failure of his

21   attorney to produce the testimony of Lira-Ibarra at, or prior to, the trial fails because Petitioner

22   has failed to show deficient performance by his attorney.  The fact that Petitioner's attorney was

23   unable to produce Lira-Ibarra's testimony for trial is not evidence of deficient performance. It is

24   not disputed that Petitioner's attorney made repeated efforts to produce Lira-Ibarra's testimony

25   and that Lira-Ibarra was unavailable primarily because his attorney advised him to avoid giving

26   testimony.  It is also undisputed that Lira-Ibarra continued to be reluctant to testify while he was

27

28                                                    5

serving his sentence on his conviction.  See Doc. # 313 at 10.  Lira-Ibarra, having been counseled

by his attorney not to testify in Petitioner's proceeding, had a reasonable basis for his refusal to

testify and the fact that Petitioner's attorney was unable to change Lira-Ibarra's mind does not

reflect unreasonable performance on the attorney's part.  If anything, the fact that Petitioner's

attorney was able to trace Lira-Ibarra to Mexico and obtain a statement after the latter's release

from prison, and get that statement before the court in the form of a motion for new trial shows

commendable diligence on the attorney's part.

        Petitioner's attorney managed to get Lira-Ibarra's Interview in front of the court in the

context of Petitioner's motion for new trial and in the context of Petitioner's appeal.  While

Petitioner may be of the opinion that he would have been advantaged had the same information

been presented to the jury, there is no doubt that he suffered no constitutional injury as a result of

deficient performance on the part of his attorney.  Basically, Petitioner's received as much

consideration of Lira-Ibarra's testimony as the Constitution demands.


        THEREFORE, in consideration of the above, the petition of Antonio Ibarra-Lemus to

correct, vacate or set aside the sentence imposed is DENIED.  The Clerk of the Court shall

CLOSE the CASE.


IT IS SO ORDERED.

Dated:   November 18, 2010                     _____

                                              CHIEF UNITED STATES DISTRICT JUDGE