IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO IBARRA-LEMUS,   )<br>                                        )<br>            Petitioner,   )<br>                                        )<br>       v.                            )<br>                                        )<br>UNITED STATES OF AMERICA,   )<br>                                        )<br>            Respondent.   )<br>_____) | CR F 99-5344 - 01 AWI<br><br>ORDER DENYING<br>PETITIONER'S REQUEST<br>FOR CERTIFICATE OF<br>APPEALABILITY |

## INTRODUCTION

In this case, petitioner Antonio Ibarra-Lemus ("Petitioner") seeks relief under 28 U.S.C. section 2255 from the sentence of 188 months that was imposed by this court on July 31, 2007, following Petitioner's conviction following jury trial on one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C., sections 846 and 841(a)(1) and one count of possession of methamphetamine with intent to distribute and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On November 22, 2010, the court issued a memorandum opinion and order denying Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, correct or set aside his sentence and closing the case. Petitioner filed a notice of appeal on December 22, 2010. On March 22, 2010, the Ninth Circuit Court of Appeal remanded the appeal for the limited purpose of granting or denying a certificate of appealability ("COA"). For the reasons that follow, Petitioner's request for COA will be denied.

The controlling statute, 28 U.S.C. § 2253, provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that the Court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). The requirement that the petitioner seek a certificate of appealability is a gatekeeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court  that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, Nos. 96-99020, 96-99025, 96-99026, 2000 WL 1118937 (9th Cir. Aug. 4, 2000).  The Supreme Court has found that the even the application of an apparently controlling Ninth Circuit rule can be debatable if it conflicts with the rules of another circuit or there is reasonable argument of why the Ninth Circuit should  reconsider the Ninth circuit rule.  See id.

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of

appealability.  Petitioner alleged ineffective assistance of counsel and, after careful examination of Petitioner's claims and the record before the court, the court found no constitutional defect in Petitioner's representation.  Reasonable jurists would not debate that petitioner has not shown how he is entitled to federal habeas corpus relief.  Accordingly, the Court hereby ORDERS that petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated:     March 31, 2011                                      _____
                                                                                     CHIEF UNITED STATES DISTRICT JUDGE