1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

| | |
|---|---|
| **ANTONIO IBARRA LEMUS,** | **Case No. 1:99-CR-05344-AWI** |
| **Petitioner,** | |
| **vs.** | **ORDER DENYING PETITIONER'S MOTION TO CORRECT, VACATE OR SET ASIDE HIS SENTENCE** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | **Doc. #'s 324, 326, 328 & 329** |

Petitioner Antonio Ibarra Lemus ("Petitioner") was convicted of possession of methamphetamine with intent to distribute and conspiracy on May 12, 2006, following a jury trial.  Petitioner's motion for new trial was denied and judgment was entered on August 3, 2007.  Appeal was taken and Petitioner's conviction and sentence were affirmed by the Ninth Circuit Court of Appeals on January 8, 2009.  Notice of mandate was filed on January 30, 2009.  No petition for writ of certiorari was filed, therefore Petitioner's judgment became final on or about March 1, 2009.  Plaintiff filed a motion to correct, set vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 on January 8, 2010 (Petitioner's "first 2255 Motion").  Petitioner filed the motion to correct vacate or set aside his conviction that is the subject of this order on July 22, 2013, (Petitioner's "July 22 Motion").  Petitioner's first 2255 Motion did not raise the issue – actual innocence -- that is presented by his July 22 Motion.

Section 2255(h) generally bars a district court from considering the merits of a motion under section 2255 that is "second or successive." A petition is "second or successive" within the meaning of subsection 2255(h) only if its claims were (1) raised in a prior petition and determined on their merits, or (2) if the claims were not raised in a prior petition and the petitioner's failure to assert the claims earlier constitute an abuse of the writ. See Cooper v. Calderon, 308 F.3d 1020, 1023 (9th Cir 2002. Because Petitioner's July 22 Motion raises an issue that was not raised in his first Motion, the July 22 Motion is not "second or successive" within the meaning of section 2255(h).

Pertinent to this discussion, Section 2255(f) provides that "[a] one year statute of limitations shall apply to a motion under this section. The limitations period shall run from the latest of: (1) the date on which the judgment of conviction became final; [or] [¶ . . . ¶]; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In addition, section 2255(e) provides, *inter alia* that prisoner may have his late-filed motion for habeas relief considered a motion pursuant to 18 U.S.C. § 2241 if his remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." This exception is referred to as the "savings clause" or the "escape hatch." Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012). Courts in this circuit have been instructed that a petitioner may be availed of the "savings clause" when he (1) "makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012).

Petitioner states the legal basis for his claim for habeas relief as follows:

In light of Alleyne v. United States, [--- U.S. ---, 133 S.Ct 2151 (2013)], Petitioner is actually innocent of the offenses of "conspiracy to Distribute Methamphetamine [sic], in violation of 21 U.S.C. § 846, 841(a)(1) and Possession With Intent to Distribute and aiding and Abetting [sic] in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and his sentence for Counts One [sic] and Count Two cannot be enhanced.

Doc. # 326 At 15.

Petitioner's explanation of this court's jurisdiction over his July 22 Motion is sketchy,

but the court interprets Petitioner's July 22 Motion to assert that, pursuant to <u>Alleyne v. United States</u>, 133 S.Ct. 2151, (2013), his conviction was unlawful because the amounts of drugs charged were not specified in the indictment and were not determined by the jury beyond a reasonable doubt.  Petitioner's argument implies that the rule announced in <u>Alleyne</u> is retroactively applicable to his conviction and that the retroactive application has the effect of rendering him "actually innocent" of the crimes of which he was convicted.  The implication of Petitioner's claim is that the court has jurisdiction to consider his claim because the right to assert his innocence was initially recognized with the publication of the decision in <u>Alleyne</u> in 2013 and his July 22 Motion was filed within one year of that date in conformance with section 2255(f)(3).  Petitioner's argument also implies that this court has jurisdiction over Petitioner's claim through the savings clause of section 2255(e) because his claim of actual innocence entitles him to have his claim considered pursuant to section 2241 which has no time limitation.

In <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the Supreme Court held that any fact that increased the statutory *maximum* sentence of a crime is an element of that crime to be charged in the indictment and proven to a jury beyond a reasonable doubt, In <u>Alleyne</u>, the Supreme Court applied the reasoning of <u>Apprendi</u> to hold that any fact that serves to increase the statutory *minimum* of a crime, thereby effectively overruling the holding in <u>Harris v. United States</u>, 536 U.S. 545 (2002).  After <u>Alleyne</u>, any fact that serves to increase *either* the statutory minimum sentence *or* a statutory maximum sentence is considered an element of the crime charged and must alleged in the indictment and be found true beyond a reasonable doubt by a jury.  133 S.Ct. at 2162-2163.

There are three reasons why Petitioner's July 22 Motion fails to allege facts sufficient invoke the court's jurisdiction either by marking the limitations period pursuant to section 2255(f)(3) or by considering the Motion under section 2241 as allowed by section 2255(e) for

claims of actual innocence.  First, Petitioner's argument that the holding in <u>Alleyne</u> serves to invalidate his conviction is deficient on its face because it does not allege that either the statutory minimum or maximum of the sentencing range used to determine his sentence had been increased due to a determination that some amount of methamphetamine was involved.  Thus, Petitioner's July 22 Motion fails to show that the holding in <u>Alleyne</u> has any application to Petitioner's case notwithstanding any time limitation.

Second, even if Petitioner had alleged facts to show he was sentenced under a sentencing range that had been increased, Petitioner cannot invoke the new rule announced in <u>Alleyne</u> in unless he can show that the rule has been made applicable retroactively to the time his conviction became final in 2010; about three years before the decision in <u>Alleyne</u>.  Generally, "new constitutional rules of criminal procedure will not become applicable to those cases which have become final before the new rules are announced." <u>Teague v. Lane</u>, 489 U.S. 288, 310 (1989).  A new rule can be made retroactive only if: (1) the new rule is substantive, or (2) the rule is a "watershed rule" of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Whorton v. Bockting</u>, 549 U.S. 406, 416 (2007).  With regard to the rule in <u>Alleyne</u>, district courts in this circuit are guided by the appellate court's holding in <u>Hughes v. United States</u>, 770 F.3d 814 (9th Cir 2014) which holds that <u>Alleyne</u> is neither a substantive rule nor a watershed rule of criminal procedure and is therefore not applicable retroactively.  <u>Hughes v. United States</u>, 770 F.3d 814, 817-818 (9th Cir. 2014).  The court therefore concludes that Petitioner cannot avail himself of the rule in <u>Alleyne</u> because the rule cannot be applied retroactively.

Third, to the extent Petitioner seeks to invoke the court's jurisdiction under section 2241 by alleging he is "actually innocent" Petitioner has failed to allege facts to show "actual innocence" within the meaning of the statue.  In order to utilize the "actual innocence" gateway

to relief under section 2241, a petitioner must allege facts that establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012). A showing of actual innocence for purposes of the savings clause requires more than mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1989). Here, Petitioner alleges only that, if Alleyne applied, his conviction would be infirm due to a procedural error. There are no facts alleged in the July 22 Motion to hint, much less prove, that Petitioner did not commit the acts constituting the crimes of which he was convicted.

The court concludes that Petitioner has failed to show that any provision of Section 2241 or section 2255 applies such that this court has jurisdiction to over Petitioner's late-filed July 22 Motion.


THEREFORE, in consideration of the foregoing, it is hereby ORDERED that Petitioner's Motion of July 22, 2013, to correct, vacate or set aside his sentence is DENIED. Correspondingly, Petitioner's request of July 24, 2014, Docket Number 328, and the request filed August 25, 2014, Docket Number 329. each requesting status information on Petitioner's July 22 Motion are DENIED as moot. The court also notes that Petitioner's request filed at Docket Number 324, is satisfied by the Court of Appeals filing at Docket Number 325.


IT IS SO ORDERED.

Dated:   August 28, 2015       _____

                                 SENIOR  DISTRICT  JUDGE