1

2

3

4

5

6                          **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9      **ANTONIO IBARRA LEMUS,**                    **1:99 – CR – 5344  AWI**

10                    **Petitioner,**

11                        **vs.**                   **ORDER DENYING DEEMED REQUEST**
                                                    **FOR ISSUANCE OF CERTIFICATE OF**
12                                                  **APPEALABILITY**

13     **UNITED STATES OF AMERICA,**

14                    **Respondent.**               **Doc. # 338**

15

16

17

18          Petitioner Antonio Ibarra Lemus ("Petitioner") was convicted of possession of

19   methamphetamine with intent to distribute and conspiracy on May 12, 2006, following a jury

20   trial.  Petitioner filed the motion to correct vacate or set aside his conviction that is the subject of

21   this order on July 22, 2013, (Petitioner's "July 22 Motion").  On August 31,2015, the court

22   denied Petitioner's July 22 Motion concluding that Petitioner has failed to show that any

23   provision of Section 2241 or section 2255 applies such that this court has jurisdiction over

24   Petitioner's late-filed July 22 Motion.  The court did not determine whether a certificate of

25   appealability ("COA") should issue.  On September 15, 2015, Petitioner filed a notice of appeal

26   of the court's August 31 decision with the Ninth Circuit Court of Appeals. In anticipation of

27   remand by the Ninth Circuit for purposes of determination of issuance of a COA, the court now

28   gives consideration to the issue and will deny issuance of a COA for reasons that follow.

The controlling statute, 28 U.S.C. ' 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that the Court should issue a COA when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). The requirement that the petitioner seek a COA is a gatekeeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, Nos. 96-99020, 96-99025, 96-99026, 2000 WL 1118937 (9th Cir. Aug. 4, 2000). The Supreme Court has found that even the application of an apparently controlling Ninth Circuit rule can be debatable if it

conflicts with the rules of another circuit or there is reasonable argument of why the Ninth

Circuit should  reconsider the Ninth Circuit rule.  See id.

In its August 31 decision, the court concluded that Petitioner failed to show that any

provision of Section 2241 or section 2255 applied such that this court has jurisdiction over

Petitioner's late-filed July 22 Motion.  The court concludes that reasonable jurists would not

debate that petitioner has not shown how he is entitled to federal habeas corpus relief.

Consequently, the court declines to issue a COA.

THEREFORE, pursuant to the foregoing, Petitioner's deemed request for issuance of a

COA is hereby DENIED.

IT IS SO ORDERED.

Dated:   October 27, 2015

_____
SENIOR  DISTRICT  JUDGE